PER CURIAM.
The actual judicial functions of the District Courts of Appeal differ from those of the Circuit and County Courts making the requirements for the respective courts different, and we are therefore certifying separately to the Legislature the needs of the appellate courts from the trial courts.
We have determined, as we did last year at this time, that there is an absolute and immediate need for three additional District Court of Appeal judge positions, one each for the First, Second, and Third District Courts of Appeal.
In 1965 when the Fourth District Court of Appeal was added to our appellate court structure, the total District Court case load was twenty-seven hundred cases. The case load since that time has more than tripled. In the short period from 1972 to 1976 there has been a one hundred percent increase in case load. To cope with this “law explosion,” the Judicial Council and a Special Appellate Court Review Committee recommended in 1975 that each of the District Courts of Appeal be increased by two judges so that each District Court would have a total complement of seven judges.
This Court in 1975 certified a need for two additional judges for the First, Second, and Fourth District Courts of Appeal. It delayed for one year a certification for two additional judges for the Third District both because new court facilities were under construction and experienced retired appellate judges were available for service during that period. No additional District Court judge positions were created by the 1975 Legislature.
In 1976 we certified the need for eight additional District Court of Appeal judges, consisting of the six certified in 1975 and two for the Third District Court of Appeal. The Legislature created five of those positions but failed to provide a seventh judge for the First, Second, or Third District Courts of Appeal. Based on all available data, the need in 1977 is greater than it was in 1976.
In addition to providing these three additional judges, we believe it is imperative that the additional staff requested by the *1276 respective District Courts in their appropriations request be provided. Merely increasing the number of judges does not in and of itself take care of the increased case load. Our courts have appreciably less staff than similar courts in other jurisdictions and proportionately less than executive and legislative positions of similar authority.
We therefore, in accordance with Section 9, Article V, Constitution of Florida, as revised March 14, 1972, hereby certify the immediate need for three additional District Court of Appeal judges as set forth herein. A graph of statistical case load information for each District Court is attached. This Court certifies the aforementioned judicial officers as necessary and recommends that they and the necessary staff to operate these courts be made permanent by law and funded by this State.
OVERTON, C. J., and ADKINS, BOYD, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.